**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**NEAR INTELLIGENCE, INC., *et al.*,**<br><br>**Debtors.**[1] | **Chapter 11**<br><br>**Case No. 23-11962 (TMH)**<br><br>**(Jointly Administered)** |
| **DRIVETRAIN, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al., Litigation Trust,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UHY LLP,**<br><br>**Defendant.** | **Adversary Proceeding No. 25-52378 (TMH)** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**


PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (DE Bar No. 4142)
Beth E. Levine (*pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19899
(302) 652-4100
bsandler@pszjlaw.com
blevine@pszjlaw.com
pkeane@pszjlaw.com

REID COLLINS & TSAI LLP
Eric D. Madden (*pro hac vice*)
Brandon V. Lewis (*pro hac vice*)
Brian J. Bah (*pro hac vice*)
1601 Elm Street, Suite 4200
Dallas, TX 75201
(214) 420-8900
emadden@reidcollins.com
blewis@reidcollins.com
bbah@reidcollins.com

*Counsel for Plaintiff Drivetrain, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al. Litigation Trust*


Dated: March 27, 2026

[1] The Debtors in these chapter 11 cases are Near Intelligence, Inc., Near Intelligence LLC, Near North America, Inc., and Near Intelligence Pte. Ltd.

Plaintiff Drivetrain, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., *et al*. Litigation Trust ("Plaintiff"), moves (the "Motion") pursuant to Rule 7007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for leave to file a sur-reply, attached hereto as **Exhibit A**, to address arguments that Defendant omitted from its opening brief and raised for the first time on reply. *See Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017) ("The Court may grant leave to file a surreply if it responds to new evidence, facts, or arguments."); *see, e.g.*, *Maxus Liquidating Tr. v. YPF S.A. (In re Maxus Energy Corp.)*, 641 B.R. 467, 523 (Bankr. D. Del. 2022) (granting leave to file sur-reply to respond to newly raised arguments in reply brief). In support of this Motion, the Plaintiff respectfully states as follows:

**BACKGROUND**

1. On October 30, 2025, Plaintiff filed a Complaint and Summons in the above-captioned adversary proceeding against defendant UHY LLP ("Defendant").

2. On December 23, 2025, Defendant filed *Defendant UHY LLP's Memorandum in Support of Its Motion to Dismiss Counts 1 and 2 of Plaintiff's Complaint* [D.I. 13] (the "Motion to Dismiss") and supporting documents [D.I. 14, D.I. 15].

3. On February 18, 2026, Plaintiff filed *Plaintiff's Opposition to Defendant's Motion to Dismiss Counts 1 and 2 of Plaintiff's Complaint* [D.I. 19] (the "Opposition").

4. On March 20, 2026, Defendant filed *Defendant UHY LLP's Reply Memorandum in Further Support of its Motion to Dismiss Counts 1 and 2 of Plaintiff's Complaint* [D.I. 20] (the "Reply").

## RELIEF REQUESTED

5. Plaintiff seeks leave to file the sur-reply attached hereto as **Exhibit A**.

6. Rule 7007-1(a) of the Local Rules provides for an opening brief, an answering brief, and a reply brief, and Rule 7007-1(b) provides that "[n]o additional briefs, affidavits or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court." Del. Bankr. L.R. 7007-1(b).

7. Plaintiff submits that Defendant's Reply included new arguments not made in its Motion to Dismiss.

8. Plaintiff submits this request to file a sur-reply to respond to the new arguments asserted by the Defendant in its Reply. Plaintiff respectfully submits that consideration of the sur-reply will assist the Court in its analysis of the Motion to Dismiss, the Opposition, and the Reply.

## CERTIFICATE OF CONFERENCE

9. I hereby certify that, on March 25, 2026, counsel for the Plaintiff conferred with counsel for Defendant regarding the filing of a limited sur-reply brief, which Defendant opposes. Defendant has indicated it intends to file an opposition to the Motion.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, permitting Plaintiff to file the sur-reply and granting such other and further relief as the Court deems proper.

Dated: March 27, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Beth E. Levine (*pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
T: (302) 652-4100
F: (302) 652-4400
bsandler@pszjlaw.com
blevine@pszjlaw.com
pkeane@pszjlaw.com

-and-

**REID COLLINS & TSAI LLP**

Eric D. Madden (*pro hac vice*)
Brandon V. Lewis (*pro hac vice*)
Brian J. Bah (*pro hac vice*)
1601 Elm Street, Suite 4200
Dallas, TX 75201
T: (214) 420-8900
F: (214) 420-8909
emadden@reidcollins.com
blewis@reidcollins.com
bbah@reidcollins.com

*Counsel for Drivetrain, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al. Litigation Trust*