# Exhibit A

## Sur-Reply

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:**<br><br>**NEAR INTELLIGENCE, INC., *et al.*,**<br><br>**Debtors.**[1] | **Chapter 11**<br><br>**Case No. 23-11962 (TMH)**<br><br>**(Jointly Administered)** |
| **DRIVETRAIN, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al., Litigation Trust,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UHY LLP,**<br><br>**Defendant.** | **Adversary Proceeding No. 25-52378 (TMH)** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (DE Bar No. 4142)
Beth E. Levine (*pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19899
(302) 652-4100
bsandler@pszjlaw.com
blevine@pszjlaw.com
pkeane@pszjlaw.com

REID COLLINS & TSAI LLP
Eric D. Madden (*pro hac vice*)
Brandon V. Lewis (*pro hac vice*)
Brian J. Bah (*pro hac vice*)
1601 Elm Street, Suite 4200
Dallas, TX 75201
(214) 420-8900
emadden@reidcollins.com
blewis@reidcollins.com
bbah@reidcollins.com

*Counsel for Plaintiff Drivetrain, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al. Litigation Trust*

Dated: March 27, 2026

[1] The Debtors in these chapter 11 cases are Near Intelligence, Inc., Near Intelligence LLC, Near North America, Inc., and Near Intelligence Pte. Ltd.

## ARGUMENT

On December 23, 2025, UHY filed its motion to dismiss (the "Motion") [D.I. 13].[1] As set forth in its Motion, UHY seeks dismissal of Count 1 (Negligent Misrepresentation) of the Complaint based solely on their argument that "this claim is barred by New York's strong *in pari delicto* doctrine/*Wagoner* Rule." Motion at 4. The Trustee filed its opposition to the Motion on February 18, 2026, which explains, among other things, that (a) the *Wagoner* Rule does not apply in the Third Circuit; (b) under the doctrine of corporate separateness, UHY's *in pari delicto* defense fails regardless of what state law governs; (c) Count 1 and UHY's *in pari delicto* defense are governed by California law; and (d) UHY's *in pari delicto* defense also fails under California's adverse interest exception.

Now, in its reply in support of its Motion (the "Reply") [D.I. 20], UHY tries to slip in additional arguments that neither party previously briefed. Specifically, in its arguments for why its engagement letter exhibits [D.I. 14-1, 14-2, 14-3] are integral to the Trustee's complaint, UHY now claims that these exhibits are necessary to understand whether or not the SPAC as "a non-client plaintiff [has] satisf[ied] [its] high bar to bring[] negligence-based claims against [UHY]." Reply at 3. But UHY's motion to dismiss ***is not*** challenging the sufficiency of the Complaint's negligent misrepresentation allegations. *See* Motion at 4 ("Count 1 of Plaintiff's Complaint for Negligent Misrepresentation should be dismissed with prejudice because this claim is barred by New York's strong *in pari delicto* doctrine/*Wagoner* Rule."). That is to say, for purposes of the pleading stage, UHY ***has indeed*** "concede[d] that Plaintiff can satisfy its burden of proof under *Credit Alliance* or *Bily*." Reply at 4. The apparent purpose of UHY delving into

[1] Capitalized terms not otherwise defined have the meanings assigned in the Plaintiff's Opposition to Defendant's Motion to Dismiss (the "Opposition") [D.I. 19] and the Plaintiff's Complaint (the "Complaint" or "Compl.") [D.I. 2].

this unnecessary territory in its Reply is to insert a new choice-of-law argument related to a third-party beneficiary theory. *See, e.g.*, *id.* (citing *Walton v. Comfort Sys. USA (Syracuse), Inc.*, 155 F.4th 144, 161 (2d Cir. 2025)). If UHY wished to make such an argument, however, it should have done so in its initial motion—rather than reserving this argument for its Reply. *See* LR 7007-2(b)(ii) ("The party filing the opening brief may not reserve material for the reply brief that should have been included in a full and fair opening brief."); *see, e.g.*, *Official Comm. of Unsecured Creditors v. Catholic Diocese of Wilmington, Inc. (In re Cath. Diocese of Wilmington, Inc.)*, 437 B.R. 488, 492 n.19 (Bankr. D. Del. 2010) (Sontchi, J.) ("An issue is waived unless a party raises it in its opening brief . . . ." (quoting *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).

The Trustee also notes that the cases cited by UHY are entirely inapposite. For example, the *Cohen* court considered an engagement letter at the motion-to-dismiss stage because the defendant challenged whether the plaintiff had adequately alleged "contractual privity (or a relationship so close as to be its functional equivalent)." *Cohen v. Acorn Int'l Ltd.*, 944 F. Supp. 204, 207 (S.D.N.Y. 1996). UHY made no such challenge in its opening brief. Further, the *Cohen* court found that the engagement letter was integral to the plaintiff's claims because "it explicitly contradicted the allegations of the complaint." *Supercom, Ltd. v. Sabby Volatility Warrant Master Fund Ltd.*, 2023 WL 3919450, at *3 (S.D.N.Y. Mar. 15, 2023). UHY makes no such challenge, even in its Reply.

Additionally, unlike the cases cited by UHY, *see* Reply at 4, the Trustee is not suing to enforce promises that UHY made in the engagement letters. *See, e.g.*, *Walton*, 155 F.4th at 163 (plaintiffs bringing "third-party beneficiary breach of contract" claims); *Rector v. Calamus Grp.*, 794 N.Y.S.2d 470, 471 (N.Y. App. Div. 2005) (plaintiff bringing breach-of-contract claim); *2004*

*Parker Fam. LP v. BDO USA LLP*, 127 N.Y.S.3d 705 (N.Y. Sup. 2020) (unpublished opinion) (plaintiffs bringing "Third-Party Breach of Contract" claim); *JSM Tuscany, LLC v. Superior Ct.*, 123 Cal. Rptr. 3d 429, 445 (Cal. Ct. App. 2011) (plaintiffs bringing breach-of-contract claims). Rather, this case will rise and fall on the veracity of UHY's representations in its audit reports. *See Bily v. Arthur Young & Co.*, 834 P.2d 745, 772 (Cal. 1992) (en banc) (confirming that "the audit report, not the audit itself, is the foundation of the third person's [negligent misrepresentation] claim"). Agreements that UHY and its client, Near Holdco, struck in their engagement letters have no bearing on whether UHY made false representations to the SPAC.

## **CONCLUSION**

For the foregoing reasons and those set forth in its Opposition, the Trustee respectfully requests that the Court deny UHY's Motion to Dismiss in its entirety.

Dated: March 27, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Beth E. Levine (*pro hac vice*)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
T: (302) 652-4100
F: (302) 652-4400
bsandler@pszjlaw.com
blevine@pszjlaw.com
pkeane@pszjlaw.com

-and-

**REID COLLINS & TSAI LLP**

Eric D. Madden (*pro hac vice*)
Brandon V. Lewis (*pro hac vice*)
Brian J. Bah (*pro hac vice*)
1601 Elm Street, Suite 4200
Dallas, TX 75201
T: (214) 420-8900
F: (214) 420-8909
emadden@reidcollins.com
blewis@reidcollins.com
bbah@reidcollins.com

*Counsel for Drivetrain, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., et al. Litigation Trust*