**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>NEAR INTELLIGENCE, INC., *et al.*,<br><br>Debtors. | ) | Chapter 11<br><br>Case No. 23-11962 (TMH)<br><br>(Jointly Administered) |
| DRIVETRAIN, LLC, as Plan Administrator and Litigation Trustee of the Near Intelligence, Inc., *et al*. Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>UHY LLP,<br><br>Defendant. | ) | Adv. Proc. No. 25-52378 (TMH) |

**DEFENDANT UHY LLP'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant UHY LLP ("UHY"), by and through its undersigned counsel, submits this opposition to Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to Dismiss [ECF No. 21] (the "Motion").

Plaintiff seeks leave to file a sur-reply in a desperate attempt to have the last word and prevent the Court from considering the Engagement Letters (Norris Decl. Exs. 1-3, ECF Nos. 14-1, 14-2, 14-3) given that they are fatal to Plaintiff's claims. Plaintiff offers a contorted reading of UHY's Reply, asserting that UHY "insert[ed] a new choice-of-law argument related to a third-party beneficiary theory" in its Reply Memorandum in Further Support of Its Motion to Dismiss Counts 1 and 2 of Plaintiff's Complaint [ECF No. 20] (the "Reply"). (Mot. Ex. A, at 2.) Not only does UHY's Reply not raise any new arguments, but Plaintiff's proposed sur-reply does not address this supposedly "new" argument. Plaintiff's position corroborates the infirmity of its claims.

Each of UHY's arguments in its Reply was raised either in UHY's Memorandum of Law in Support of Its Motion to Dismiss Counts 1 and 2 of Plaintiff's Complaint [ECF No. 13] (the "Moving Brief") or in Plaintiff's Opposition to Defendant's Motion to Dismiss Counts 1 and 2 of Plaintiff's Complaint [ECF No. 19] (the "Opposition"). UHY has consistently asserted that the Engagement Letters govern the provision of its services (and thus Plaintiff's claims concerning those services), and that the Engagement Letters contain a New York choice-of-law provision. (Moving Brief at 13-15.) UHY also asserted that the Engagement Letters are properly subject to judicial notice. (*Id.* at 6-7, 9-10.)

In its Opposition, Plaintiff incredulously argued that the Engagement Letters are not integral to Plaintiff's claims—despite basing those claims on the quality of the professional audit services UHY provided pursuant to those very same Engagement Letters. (Opp. at 8, 10-12.)

UHY was entitled to, and did, respond to Plaintiff's arguments in its Reply. UHY would have been remiss not to point out that it is hypocritical of Plaintiff to bring claims as a non-client against UHY while pretending the Engagement Letters do not exist and do not govern UHY's preparation of the very audit reports that Plaintiff purportedly relied on.

Rather than discuss a "choice-of-law argument related to a third-party beneficiary theory" that Plaintiff identifies, its proposed sur-reply seeks to distinguish cases relied upon by UHY in support of its assertion (first raised in its Moving Brief, and addressed by Plaintiff in its Opposition) that the Court may properly take judicial notice of the Engagement Letters. (Mot. Ex. A, at 2-3.)

Plaintiff's own cited authority does not support its request to file this proposed sur-reply, as those cases all involved the introduction of entirely new issues in a reply brief. *See In re Maxus Energy Corp.*, 641 B.R. 467, 522-23 (Bankr. D. Del. 2022) (Trust devoted only three of 70 pages of moving brief to addressing opposing parties' defenses, as opposed to over 30 pages of its reply, and some defenses "were merely identified in the [moving brief] by name without further discussion, but substantively argued in its reply brief for the first time"); *In re Cath. Diocese of Wilmington, Inc.*, 437 B.R. 488, 492 (Bankr. D. Del. 2010) (argument that action was barred by laches was raised for first time in reply brief). Another case cited by Plaintiff involved cross motions for summary judgment, where the sur-reply was "identical to Plaintiffs' reply brief in support of their cross-motion for partial summary judgment." *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017). Not so here. In fact, Plaintiff concedes that certain points raised in its proposed sur-reply are ***not*** responding to new arguments by UHY. *See* Mot. at 2 (addressing points with respect to which UHY purportedly "makes no such challenge, even in its Reply").

It is for the Court, not Plaintiff, to decide how UHY's arguments concerning the Engagement Letters affect Plaintiff's ability to bring its claims, including with respect to which of UHY's arguments the Court will or will not consider the Engagement Letters. Plaintiff's Motion is an exercise in futility, as it seeks to anticipate and rule on issues of interpretation that are within the purview of the Court, not Plaintiff. UHY respectfully requests that the Court deny Plaintiff's Motion.

Dated: March 27, 2026

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*<u>/s/ Richard M. Beck</u>*
Richard M. Beck (DE Bar No. 3370)
Sally E. Veghte (DE Bar No. 4762)
919 Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 552-5501
Email: rbeck@klehr.com
sveghte@klehr.com

**VEDDER PRICE LLP**
Michael J. Quinn (admitted *pro hac vice*)
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (424) 204-7734
E-mail: mquinn@vedder.com

**VEDDER PRICE LLP**
William W. Thorsness (admitted *pro hac vice*)
222 North LaSalle Street
Chicago, Illinois 60601
Telephone: (312) 609-7595
E-mail: wthorsness@vedder.com

*Attorneys for Defendant UHY LLP*